IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02510-BNB

WAYNE A. HUDSON,

    Applicant,

v.

AL ESTEP, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 4 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING SECOND MOTION TO RECONSIDER

---

Applicant Wayne A. Hudson filed *pro se* on April 9, 2007, a motion titled "Re: Order and Judgement [sic] of Dismissal – Based on New Evidence Applicant Request Reconsideration of Habeas Corpus." In the motion, Mr. Hudson asked the Court to reconsider and vacate the Court's Order and Judgment of Dismissal entered and filed on March 15, 2007. The Court entered an order on April 13, 2007, treating the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and denying the motion. On April 30, 2007, Mr. Hudson filed another motion to reconsider titled "Re: Order Denying Motion to Reconsider."

The Court must construe the second motion to reconsider liberally because Mr. Hudson is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the second motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the judgment will be considered pursuant to Rule 59(e). **See id.** A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243. Mr. Hudson's second motion, which was filed more than ten days after the Court's March 15, 2007, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice for failure to exhaust state-court remedies before seeking federal-court intervention. The reasons for the dismissal are discussed in detail in the March 15, 2007, Order and Judgment of Dismissal. Mr. Hudson's April 9, 2007, motion to reconsider indicated that he had not yet exhausted his state-court remedies because his attorney informed him in a March 25, 2007, letter that he still was awaiting a decision whether the Colorado Court of Appeals would allow a limited remand for the purpose of filing a postconviction motion pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. The April 13, 2007, order also noted this failure to exhaust.

In the April 30, 2007, motion to reconsider, Mr. Hudson alleges that on March 19, 2007, the Colorado Supreme Court denied his motion for habeas corpus relief. He also alleges that on March 26, 2007, the Colorado Court of Appeals denied his pending

request for a limited remand for the purpose of filing a Colo. R. Crim. P. 35(b) motion. On the basis of these denials, he believes that he has exhausted state-court remedies.

Upon consideration of the second motion to reconsider and the entire file, the Court finds that Mr. Hudson fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action.   Therefore, the second motion for reconsideration will be denied. Accordingly, it is

ORDERED that the motion titled "Re:  Order Denying Motion to Reconsider" that Applicant Wayne A. Hudson filed *pro se* on April 30, 2007, and which the Court has construed liberally as a second motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this 3 day of May, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02510-BNB

Wayne A. Hudson
Prisoner No. 48241
Fremont Corr. Facility
PO Box 999
Cañon City, CO 81215- 0999

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/4/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk