IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 24 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-02510-BNB

WAYNE A. HUDSON,

Applicant,

v.

AL ESTEP, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER DENYING THIRD MOTION FOR RECONSIDERATION

---

This matter is before the Court on the document titled "Re: Order Denying Second Motion to Reconsider" that Applicant Wayne A. Hudson filed ***pro se*** on May 14, 2007. In the document, Mr. Hudson disagrees with the Court's denial of his second motion to reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. He contends that the second motion to reconsider should have been considered pursuant to Fed. R. Civ. P. 59(e).

The Court must construe the document liberally because Mr. Hudson is proceeding ***pro se***. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will treat the document as a third motion to reconsider. For the reasons stated below, the third motion to reconsider will be denied.

Mr. Hudson argues that he placed his second motion to reconsider in the mail on April 22, 2007, and that the motion was logged and post-marked on April 23, 2007.

Therefore, he disagrees with the date of April 30, 2007, as the date the Court received and filed the second motion to reconsider. However, Mr. Hudson failed to attach a certificate of mailing to his second motion to reconsider informing the Court of the mailing date at the time he submitted his second motion to reconsider. Even applying the prisoner mailbox rule, ***see Houston v. Lack***, 487 U.S. 266, 270 (1988), and treating the second motion to reconsider Mr. Hudson alleges he mailed on April 23, 2007, as filed as of that date, the second motion was submitted more than ten days after the Court's March 15, 2007, Order and Judgment of Dismissal. A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Fed. R. Civ. P. 60(b). ***See Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). Therefore, the second motion to reconsider properly was considered pursuant to Fed. R. Civ. P. 60(b).

Furthermore, treating Mr. Hudson's second motion to reconsider as submitted pursuant to Fed. R. Civ. P. 59(e), the motion still fails. The Court dismissed the instant action without prejudice for failure to exhaust state-court remedies before seeking federal-court intervention. The reasons for the dismissal are discussed in detail in the March 15, 2007, Order and Judgment of Dismissal.

In the second motion to reconsider, Mr. Hudson alleged that on March 19, 2007, the Colorado Supreme Court denied his motion for habeas corpus relief. He also alleged that on March 26, 2007, the Colorado Court of Appeals denied his pending request for a limited remand for the purpose of filing a Colo. R. Crim. P. 35(b) motion. On the basis of these denials, he apparently believed that he had exhausted state-court remedies.

The three major grounds that justify reconsideration pursuant to Fed. R. Civ. P. 59(e) are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. ***See Shields v. Shetler***, 120 F.R.D. 123, 126 (D. Colo. 1988).

Mr. Hudson does not allege the existence of any new law or evidence, and the Court remains convinced that Mr. Hudson failed to exhaust state-court remedies before seeking federal-court intervention. Therefore, considering the second motion to reconsider as submitted pursuant to Fed. R. Civ. P. 59(e), the motion must be denied.

This action was dismissed without prejudice. If Mr. Hudson wishes to assert his claims before this Court, he may do so in a separate action after exhaustion of available state-court remedies. Accordingly, it is

ORDERED that document titled "Re: Order Denying Second Motion to Reconsider" that Applicant Wayne A. Hudson filed ***pro se*** on May 14, 2007, and which the Court has treated as a third motion submitted pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this 23 day of May, 2007.

BY THE COURT:

Zita L. Weinshienk

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02510-BNB

Wayne A. Hudson
Prisoner No. 48241
Fremont Corr. Facility
PO Box 999
Cañon City, CO 81215- 0999

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/24/07

GREGORY C. LANGHAM, CLERK

By: [signature]
Deputy Clerk